# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-40123
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO CARMONA

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:06-CR-180-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ricardo Carmona appeals his convictions for conspiracy to distribute or possess with intent to distribute marijuana and possession with intent to distribute marijuana. Carmona contends that the district court erred in denying his motion for a judgment of acquittal, insisting that the evidence was insufficient to show that he had knowledge of the marijuana hidden in the trailer. As Carmona did not preserve his sufficiency challenge by renewing his acquittal motion at the close of all the evidence, our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is limited to deciding whether there was a manifest miscarriage of justice. See United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004). A miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt, or . . . the evidence on a key element of the offense was so tenuous that a conviction would be shocking." United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995).

Carmona has not shown that his conviction resulted in a manifest miscarriage of justice. See Avants, 367 F.3d at 449. The evidence established that Carmona was nervous when he gave Trooper Burr his commercial driver's license. The trailer bore a padlock of the kind not often used in the trucking industry. Aldolfo Armendariz, the second driver, testified that he and Carmona had agreed to transport the marijuana for Oscar Reza and that he and Carmona knew there was marijuana in the trailer. In a postarrest interview, Carmona stated that he did not know what was in the additional boxes not listed on the shipping documents, but that he knew it was something illegal. All of this circumstantial evidence demonstrates guilty knowledge. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003). Further, the large quantity and value of the drugs being transported is indicative of guilty knowledge, as it is unlikely that an unknowing participant would be entrusted with such valuable cargo. See id. In view of this evidence, Carmona has not shown that "the record is devoid of evidence pointing to guilt, or . . . the evidence on a key element of the offense was so tenuous that a conviction would be shocking." See Laury, 49 F.3d at 151.

Carmona also asserts that the district court abused its discretion in giving a jury instruction on deliberate indifference; however, Carmona has not shown such abuse. At trial, Carmona's counsel did argue that Carmona did not know that the marijuana was hidden in the trailer. Carmona, a professional truck driver with several years of experience, told Agent Robinson that he noticed that there were the boxes in the front of the trailer not listed on the shipping documents before he took the trailer to be loaded with fitness equipment and that

he was not given any instructions concerning where to deliver the extra boxes. He nevertheless supervised the loading of the fitness equipment and proceeded to transport the load to Chicago. As noted, Carmona's postarrest statement reflected that he did not know what was in the additional boxes but that he did know that something illegal was in the truck. This supports an inference that Carmona was aware of a high probability that these boxes contained illegal substances and that he purposely attempted to avoid learning about the illegal cargo. See United States v. Threadgill, 172 F. 3d 357, 368 (5th Cir. 1999). Carmona has not shown that the district court abused its discretion in giving the deliberate indifference instruction to the jury. See United States v. Pankhurst, 118 F.3d 345, 350 (5th Cir. 1997).

Carmona's argument that the instruction allowed the jury to convict him if he "should have known" that the drugs were inside the boxes lacks merit. The first prong of this test protects a defendant from being convicted for what he should have known. United States v. Lara-Velasquez, 919 F.2d 946, 951 (5th Cir. 1990).

AFFIRMED.